IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JANE DOE** )<br>    A Domiciliary of the )<br>    Commonwealth of Virginia )<br>    )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>**CENK SIDAR** )<br>    )<br>    Defendant. ) | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**MOTION TO FILE COMPLAINT AND PROCEED UNDER A PSEUDONYM**

Plaintiff Jane Doe ("Plaintiff"), by and through her attorneys Fletcher, Heald and Hildreth, PLC and Steimel Counselors Law Group, PLLC[1], hereby files this Motion seeking to pursue this action under a pseudonym. In support of this Motion, Plaintiff avers that:

1. The Federal Rules of Civil Procedure Rule 10(a) requires all parties to be named to a complaint and federal law carries a presumption of openness of proceedings. In certain circumstances, however a party may be afforded the protection of anonymity if that party meets the five-part test set forth in *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). This test evaluates –

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5] the risk of

---

[1] Mr. Steimel of Steimel Counselors Law Group PLLC will file a *pro hac vice* application.

>  unfairness to the opposing party from allowing an action against it to proceed anonymously.

2. Plaintiff has demonstrated through her Complaint the special circumstances permitting the Court to maintain anonymity. Paragraphs 27 through 44 of the Complaint alone reveal the sort of humiliating details that would compel the Court to maintain anonymity. She is the alleged victim of a grievous and outrageous physical attack and rape, which would cause her additional trauma if her name were revealed publicly.

3. Plaintiff's need and interest in preserving her anonymity is clear from details contained in the Complaint and there is no public interest in knowing the Plaintiff's identity considering the personal details contained in the Complaint.

4. Defendant violated Plaintiff's privacy with his brutal sexual assault. Rape is inherently a sensitive and extremely personal matter. Plaintiff seeks anonymity to protect her privacy from further assault and protect her privacy regarding details of the assault that will be part of this case. Plaintiff avers that these facts meet the first *James* factor.

5. Plaintiff works in the defense industry and attends military and defense conferences worldwide. *See generally* Complaint para. 14, 16. Identifying her as a victim of sexual assault and battery would subject her to ridicule and risk, especially when working in certain foreign venues, and undermine her credibility furthering the damage she suffered from Defendant's initial brutal sexual assault. In some foreign environments dominated by men, exposure of her identity could increase the risk of personal attack. Plaintiff does not seek to protect her anonymity to avoid criticism or embarrassment, she does so to protect her business reputation and insulate her from retaliation or harm from other members of the industry. Plaintiff avers that these facts overwhelmingly meet the second *James* factor.

6. Permitting Plaintiff to proceed anonymously will cause Defendant no unfairness, harm or detriment. Plaintiff is clearly known to the Defendant. Plaintiff originally sued Defendant in the Circuit Court of Fairfax County, Case No. 2019 12642, September 13, 2019. After non-suiting she refiled with this Court as permitted under Virginia law. The Fairfax County Circuit Court permitted Plaintiff to proceed anonymously without objection by the Defendant. The parties have engaged in extensive discovery, Defendant has never redacted his name or other identifying information from any pleadings or discovery responses and has appeared in person (via Webex) without requesting anonymity. At all times Defendant and his counsel have referred to Plaintiff as "Jane Doe." Defendant cannot now be harmed by Plaintiff's anonymity request before this Court. Plaintiff's request meets the fifth *James* factor. The third and fourth factors are inapplicable.

7. The court in *Doe v. Alger* 317 F.R.D. 37, 42 (W.D. Va. 2016) followed *James* and granted specific relief to the plaintiff requesting anonymity. In its analysis, the court weighed a sixth factor, that is, the Plaintiff's identity, if made public, would cause her irreparable harm. Plaintiff's chosen profession exposes her to enough risk – that risk does not need to be amplified by her identity being made public. Plaintiff needs not be victimized further while pursuing a remedy for her sexual assault. This Court should grant her motion.

8. Further, Code of Virginia § 8.01-15.1 states that "any party may move for an order concerning the propriety of anonymous participation in the proceeding."

9. As noted above, before the Fairfax County Circuit Court Plaintiff requested anonymity pursuant to Section 8.01-15.1, relying on *James,* adopted by the Virginia Supreme Court in *America Online v. Anonymous Publicly Traded Co.*, 261 Va. 350, 363 (Va. 2001). The Fairfax County Circuit granted Plaintiff's relief.

10.     The anonymity in this case is designed to preserve the Plaintiff's privacy involving a sensitive and highly personal matter, which is precisely what *James,* its progeny and the Virginia statute contemplates. Removing the Plaintiff's anonymity cannot help the defense of the case, as Defendant already knows the Plaintiff's identity. Any removal of anonymity here would have no purpose other than to embarrass, humiliate, and harass Plaintiff. Plaintiff requests the same treatment accorded her by the Fairfax County Circuit Court.

WHEREFORE, Plaintiff Jane Doe moves the Court for permission to participate in this proceeding in an anonymous capacity.

Respectfully Submitted,

Jane Doe, by Counsel
THE LAW FIRM OF FLETCHER, HEALD & HILDRETH, PLC


By: ___/s/ Thomas F. Urban II_____
THOMAS F. URBAN II, VSB #40540
FLETCHER, HEALD & HILDRETH, PLC
1300 17th Street North, Suite 1100
Arlington, Virginia 22209
(703) 812-0462; (703) 812-0486 (f)
urban@fhhlaw.com

Walter E. Steimel, Jr.
Steimel Counselors Law Group PLLC
1455 Pennsylvania Ave., N.W., Suite 400
Washington, D.C. 20004
(202) 271-9258; (202) 652-2308
wes@sclgrp.com
Applying for *pro hac vice*

*Counsel for Plaintiff Jane Doe*