# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | | |
|---|---|---|
| JANE DOE | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:22-cv-00545 (CMH/TCB) |
| CENK SIDAR | : | |
| Defendant. | : | |

## AFFADIVIT OF PLAINTIFF JANE DOE
## REGARDING DEFENSE MOTION TO LIFT PSEUDONYM

I, Jane Doe, by pseudonym, being duly sworn, hereby states as follows:

1. I am the Plaintiff in the above-captioned case. I am over twenty-one years of age and all of my statements herein are based upon my personal knowledge.

2. Although a domiciliary of the Commonwealth of Virginia I work internationally in military and government contracting. In 2012 and 2013 I was employed in the UAE by the Abu Dhabi government. I developed an expertise in an arcane area of government contracting work in the Middle East. As a result, my work is principally based in Dubai and the United Arab Emirates. I spend much of my time there and in other locations in the Middle East in conjunction with my work.

3. My specialty focuses on government and military contracting. I deal with US and other private contractors and their Middle East counterparts daily. My work requires me to stay in the Middle East for weeks at a time negotiating business arrangements, attending meetings, inspecting locations and similar work. I have to attend meetings all day every day in person. Most people I work with are men – there are very few females in my line of work. These

industries are male-dominated industries. Many of the people I work with were born and grew up in the Middle East. My work and my life are dominated by their laws, culture and social norms. I am thankful for the opportunity to work here but am cognizant of the risks and demands.

4. The Middle East can be a challenging place for professional women to work in these industries. I am deeply concerned that if the details in this case or my identity were to be revealed in any of the communities in which I work it would cause me to be ostracized and subjected to legal inquiry or discriminatory treatment. I'm afraid of what could happen to me both professionally and personally, and that identification of me as the Plaintiff in this case could ruin the work prospects and business relationships I have worked so hard to develop since Defendant raped me.

5. Defendant's rape of me has been deeply disturbing, causing me personal emotional pain, psychological harm, and professional damage. I went to the sexual assault clinic for forensic evidence collection immediately after Defendant raped me, and have continued to work with the London Police virtually and in-person to investigate this case over a nearly five (5) year period.

6. Prior to when Defendant raped me, when he and I were talking, he asked me about my professional life. I told him what I do and that I'm based in the Middle East. He only cares about himself as is evident from the text messages he sent me after he raped me.

7. I sought counseling with a professional in South Africa soon after Defendant raped me. We only had one or two sessions – I felt that having to recount the events and work through them was more painful than trying to deal with the pain and anguish myself.

8. I still struggle with the memory of Defendant raping me – being attacked while asleep by someone I knew, who I knew to be married with children – someone that I assumed

could be trusted. The experience haunts me, interrupting my ability to focus, and my ability to trust others and to establish a new relationship.

9. Trying to get restarted is difficult enough. If my identity were revealed I would be required to divulge these painful memories before I am prepared to do so. I have a difficult enough time dealing with the psychological burden now. If confronted with the facts of this case by friends, co-workers and others before I know that I can trust them will cause me to withdraw more and likely cause additional emotional damage.

10. I press forward with this case hoping that my trust in the judicial process will be validated, that I can believe reporting my assault was not in vain, and knowing that Defendant may have previously done this or could do this again to someone else, especially if he is able to walk away from this as he has been able to walk away from the London police by refusing to work with them.

11. My text exchanges from the night Defendant raped me and attached to the Complaint give a window into the severe distress his rape caused me. And then after the rape, his only concern was to protect himself and make excuses, Defendant had no concern about the physical, emotional and mental harm he caused me.

12. Defendant texted "I am luck [sic] this happened with you." Defendant texted "I basically acted like an animal." I have no words to describe the intense pain and suffering Defendant's rape of me has caused, Defendant's excuses and pleadings after raping me has caused, and Defendant's efforts to avoid responsibility have caused. I want to avoid having to relive the pain and suffering over and over, and from having the whole world know the details of my assault.

13. Because of the emotional harm that this rape has caused to me and the stigma associated with this rape, I have not told any of my relatives including my parents or any of my friends, other than those who have helped me investigate and litigate this case, about the rape.

I declare under penalty of perjury that the foregoing is true and correct, and all statements are based upon personal knowledge.

_____
Jane Doe

Dated: July 19, 2022