UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE | : |
|     Plaintiff, | : |
| v. | : Civil Action No. 1:22-cv-00545 (CMH/TCB) |
| CENK SIDAR | : |
|     Defendant. | : |

**DEFENDANT'S OBJECTION TO AFFIDAVIT OF PLAINTIFF JANE DOE REGARDING DEFENSE MOTION TO LIFT PSEUDONYM**

Defendant, Cenk Sidar ("Defendant"), by counsel, submits his objection to the consideration of the Affidavit ("Affidavit") of Plaintiff Jane Doe ("Plaintiff") Regarding Defense Motion to Lift Pseudonym (ECF No. 31-2).

On July 19, 2022, Plaintiff's counsel contacted undersigned counsel asking if counsel would accept a subpoena for Defendant to attend the hearing on July 29, 2022. Plaintiff's counsel noted that "[w]e want to be able to cross-examine him about his Declaration attached to his Reply, specifically about his alleged conversation with Plaintiff's counsel and what was specifically said during that conversation." *See* **Exhibit 1**, at 2-3.

On July 20, 2022, undersigned counsel indicated that she was "happy to accept service assuming the court is accepting testimony on that date." She inquired whether Plaintiff's counsel confirmed that the Court was hearing testimony on that date and that "[i]f it is, please note that I will be questioning counsel as well." Ex. 1 at 2. Plaintiff's counsel responded later that day stating, in relevant part: "If you are in agreement, I will send an email to Judge Hilton's clerk and confirm that the judge will be willing to take testimony at the hearing" and noted that "after Mr.

Sidar testifies, we will present ourselves for questioning, subject to applicable privileges, if the Court considers it appropriate and necessary." Ex. 1 at 1. As noted in Plaintiff's Notice of Supplemental Evidence, "[t]he Court has indicated that it will take additional evidence at the hearing but will not permit live testimony." ECF No. 31 at 1. Plaintiff submitted a purported "Notice of Supplemental Evidence" on July 25, 2022, and attached two affidavits—one from Mr. Steimel and one from Plaintiff herself. Defendant has no objection to Mr. Steimel's affidavit because this was testimony that the parties previously discussed.

However, there was never any discussion regarding Jane Doe testifying at the hearing. There was only discussion regarding Defendant, and Plaintiff's counsel, testifying. All of the assertions made in Plaintiff's affidavit could have been already submitted in support of her Opposition. Instead, she only submitted an affidavit after Defendant noted in his Reply that she failed to include one. Essentially, she tailored her affidavit to Defendant's Reply.

Her affidavit asserts that she "deal[s] with US and other private contractors and their Middle East counterparts daily." ECF No. 31-2. ¶ 3 This was already discussed in her Opposition, to which she did not append an affidavit. *See* ECF No. 25 at 3 ("Plaintiff is also concerned for her personal safety if her identity is revealed. She currently works in government and defense sectors worldwide, with many of those projects based in the Middle East."). She also states, "I have not told any of my relatives including my parents or any of my friends, other than those who have helped me investigate and litigate this case, about the rape." ECF No. 31-2 ¶ 13. Again, this sentiment was included in her Opposition. *See* ECF No. 25 at 3 ("Other than law enforcement, medical personnel, a potential witness the London police asked her to contact and who was interviewed by the police, and her attorneys, she has discussed this matter with no-one, including family."). Plaintiff also alleges in her affidavit that "Defendant's rape of me has been

deeply disturbing, causing me personal emotional pain, psychological harm, and professional damage." ECF No. 31-2 ¶ 5. Once again, this is a statement Plaintiff already addressed in her Opposition and should have included an affidavit at that point if she wished to offer support for her allegations. *See* ECF No. 25 at 3 ("Defendant's rape has caused her great physical, emotional, and financial harm and continues to do so."). If Plaintiff included her affidavit in her Opposition, Defendant would have had the opportunity to include, in his Reply, evidence to correspond to her statements, including an affidavit from an appropriate expert regarding the validity of her description of the Middle East and her specific concerns with her identity being disclosed in a lawsuit brought in the United States.

Further, it is inequitable for Plaintiff, who has refused to provide any discovery substantiating her claims and fails to even list her current employer in response to discovery requests, to make sure bald statements without providing any underlying support. *See* **Exhibit 2**, Plaintiff's Fairfax Circuit Court Discovery Responses. This puts Defendant in a position where he is blindly responding to allegations of alleged harm.

For these reasons, Defendant Cenk Sidar objects to the consideration of Plaintiff's Affidavit in connection with his Motion to Remove Pseudonym Designation.

                                                CENK SIDAR

                                                By Counsel:

_/s/ Mariam W. Tadros_
Mariam W. Tadros (VSB #75502)
REES BROOME, PC
1900 Gallows Road, Suite 700
Tysons Corner, VA 22182
(703) 790-1911
Fax No. (703) 848-2530

mtadros@reesbroome.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2022, a copy of the foregoing **DEFENDANT'S OBJECTION TO AFFIDAVIT OF PLAINTIFF JANE DOE REGARDING DEFENSE MOTION TO LIFT PSEUDONYM** was served electronically through CM/ECF to:

Thomas F. Urban II, Esq.
FLETCHER, HEALD & HILDRETH, PLC
1300 North 17th Street, Suite 1100
Arlington, VA  22209
Fax: (703) 340-1450
urban@fhhlaw.com

Walter Steimel, Jr., Esq.
STEIMEL CONNER LAW GROUP PLLC
1455 Pennsylvania Ave., N.W., Suite 400
Washington, DC  20004
wes@sclgrp.com

Mariam W. Tadros