**VIRGINIA:**

### IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| **JANE DOE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No. 2019 12642** |
| **v.** | * | |
| | * | |
| **CENK SIDAR,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

### PLAINTIFF'S RESPONSES TO
### DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff Jane Doe (hereinafter, "Doe" or "Plaintiff"), by and through the undersigned counsel, hereby provides the following Responses to the First Set of Interrogatories submitted by Defendant Cenk Sidar ("Sidar" or "Defendant").

### GENERAL OBJECTIONS AND COMMENTS

A.  Plaintiff objects to Defendants' Interrogatories and their Definition of Terms to the extent that they seek to impose upon Plaintiff obligations greater than, or in contradiction to, those imposed by the Supreme Court of Virginia Rules and the Orders of this Court.

B.  Plaintiff objects to Defendant's Interrogatories to the extent that such requests call for information that represents or contains statements, correspondence, memoranda, or other communications between or among Plaintiff, her agents, and/or representatives, and her legal counsel because such documents are attorney/client privileged and protected from discovery by the Supreme Court of Virginia Rules and the rules and Orders of this Court.

C.  Plaintiff objects to these Interrogatories to the extent they invade the exemption for attorney work product.

D.  Plaintiff objects to these Interrogatories to the extent that such requests call for information that represents or contains the views, beliefs, mental impressions, and/or opinions of Plaintiff's legal counsel or other persons working in concert with Plaintiff's legal counsel with respect to the matters at issue in this cause or any other matter in which litigation or agency action may have been anticipated, because such information is covered by the work product doctrine and protected from discovery by the Supreme Court of Virginia and the rules and Orders of this Court.

E.  The phrasing of these Answers is not necessarily that of the Plaintiff or her agents, but is,



1

in some cases, the phrasing of Plaintiff's attorney.

F.     The following answers are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered fact or contention that Plaintiff may later uncover.

G.     **Plaintiff objects to these Interrogatories to the extent that they exceed thirty written interrogatories, including all parts and sub-parts, as permitted by Rule 4:8 of the Supreme Court of Virginia Rules. In total, Defendant has requested the response to over subparts, in gross violation of and disregard for the Rule. Plaintiff will answer the first 30 interrogatories and subparts propounded by Defendant.**

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify every person with knowledge of the facts set forth in the Complaint, and for each person, provide their address, telephone number and a summary of the knowledge each is believed to possess.

**ANSWER:**     Plaintiff discussed this issue with counsel, the London Metropolitan Police and with personnel at The Havens. Plaintiff is compiling a list of the persons addressed by this interrogatory and their contact information and will provide it when compiled. Defendant is already in possession of the contact information for Plaintiff's counsel and the London Police.

Among those persons responsive to this request are the following:

Christopher West 2250AW
Police Constable – SOIT, Metropolitan Police Service 1 Area West Safeguarding Team 4, B Strand
Address: Charing Cross Police Station,Floor 2, Agar Street, WC2N 4JP
Telephone: 07787263273
Email: Christopher.west@met.pnn.police.uk
Information regarding the rape and its investigation.

Mark Papasavva, DC
CE – CU Sapphire
07917 883434
Email: Mark.Papasavva@met.police.uk
Information regarding the rape and its investigation.

Detective Constable Juliette Long
Metropolitan Police Service
Central East BCU (Hackney & Tower Hamlets)
p: 0207 275 4604 (Ext: 754604)
m: 07776668359
a: Bethnal Green Police Station, 12 Victoria Park Square

London E2 9NZ
w: www.met.police.uk
e: Juliette.A.Long@met.pnn.police.uk
Information regarding the rape and its investigation.

Nurse Dawn
The Havens
Intake and examination.

Dr. Bernadette Butler
The Havens Camberwell Clinic
Kings College Hospital
Dr Butler took written notes on Ms Guthrie's account of the rape. Ms Guthrie authorized Dr
Butler to proceed with a medical examination, forensic evidence collection and the collection of
evidence from the pajamas she had been wearing while she had been sleeping.

**INTERROGATORY NO. 2:**     Identify each expert witness you intend to call at the
trial of this matter, and provide the information required by Rule 4:1(b)(4)(A)(i).

**ANSWER:**     Plaintiff has not yet determined what experts she will call at trial and will respond
to this request when this is determined.

**INTERROGATORY NO. 3:**     Describe in detail any and all communications
between yourself and Defendant from September 17, 2017 to the present.

**OBJECTION:**     Defendant requests information already in the possession of Defendant.

**ANSWER:**     All communications between Plaintiff and Defendant are, by definition, already in
Defendant's possession. Notwithstanding her objections, Plaintiff responds that she and
Defendant had extensive WhatsApp text message exchanges immediately after she was raped by
him on September 17 and 18, 2017. Defendant attempted to call Plaintiff numerous times and
she refused his calls. Defendant and Plaintiff continued to communicate by social media through
at least September 28, 2017, after which time Plaintiff blocked Defendant on social media due to
his continued harassment and at the specific request of the London Police.

In these communications Defendant repeatedly admitted raping Plaintiff but offered a variety of
excuses for his behavior, including "sexsomnia" and his alcohol abuse. He repeatedly begged
Plaintiff to keep the rape a secret as it would damage his professional reputation, his marriage
and jeopardize everything he had. He also discussed conversations that he had with a therapist he
reported he was seeing.

Plaintiff will timely supplement her response. Pursuant to Rule 4:8(f), documents will be
produced by Plaintiff from which portions of the answer to this Interrogatory may be
derived.

**INTERROGATORY NO. 4:**     Identify and describe in detail every communication

you or your agents have had with Defendant or his agents regarding the facts giving rise to the Complaint from September 17, 2017 to the present, and in so doing, include the method of communication, the date of that communication, the substance of the communication.

**OBJECTION:** Defendant requests information already in the possession of Defendant.

**ANSWER:** All communications between Plaintiff or her agents, on the one hand, and Defendant and his agents, on the other hand, are, by definition, already in Defendant's possession. These include multiple text and other written exchanges between the Plaintiff and Defendant, and conversations between them as detailed in the Complaint.

Counsel for Plaintiff had several communications with Defendant in an attempt to settle this matter prior to filing the Complaint. Plaintiff believes that her DNA and blood sample medical representatives may have contacted Defendant in an attempt to collect his DNA and blood samples.

Notwithstanding her objections, Plaintiff will timely supplement her response. Pursuant to Rule 4:8(f), documents will be produced by Plaintiff from which portions of the answer to this Interrogatory may be derived.

**INTERROGATORY NO. 5:** Identify and describe in detail every communication regarding the facts giving rise to the Complaint that you had with the London hospital and London medical clinic as alleged in paragraph 28 of the Complaint, and in so doing, include the method of communication, the approximate time of the communication, and the substance of the communication.

**OBJECTION:** Defendant's request involves sensitive and personal information. Plaintiff will timely respond once an appropriate protective order is in place.

**ANSWER:** The communications and timing of those communications are plain from the language of the Complaint. Notwithstanding this fact and all objections, Plaintiff will timely supplement her response once an appropriate protective order is in place. Pursuant to Rule 4:8(f), documents will be produced by Plaintiff from which portions of the answer to this Interrogatory may be derived.

**INTERROGATORY NO. 6:** Describe in detail every communication you or your agents have had with any and all third parties regarding the facts giving rise to the Complaint from September 17, 2017 to the present, and in so doing, include the method of communication, the date of that communication, and the substance of the communication.

**OBJECTION:** Defendant's request is overly broad and requests communications that may be attorney client or attorney work product communications.

**ANSWER:** Many of Plaintiff's communications are detailed in her Complaint, and this request is redundant to her prior disclosures. Notwithstanding her objections, Plaintiff will timely

supplement her response. Pursuant to Rule 4:8(f), documents will be produced by Plaintiff from which portions of the answer to this Interrogatory may be derived.

**INTERROGATORY NO. 7:**    If you contend that Defendant has made any admission of liability or admission against interest, please state it/them.

**ANSWER:**    Defendant made multiple admissions of liability and admissions against interest directly to Plaintiff. While some were verbal, many of them were in writing and made the day Defendant raped Plaintiff and in the days immediately following Defendant's unprovoked attack. Defendant apologized for raping Plaintiff. Defendant admitted that he had serious substance abuse problems and attempted to blame his rape of Plaintiff on these issues. Defendant promised to seek medical help and begged Plaintiff multiple times not to tell anyone about it because it would ruin his life. Defendant stated that he was seeing a therapist to address his issues. Plaintiff will timely supplement this response with additional information as necessary.

Pursuant to Rule 4:8(f), documents will be produced by Plaintiff from which portions of the answer to this Interrogatory may be derived.

**INTERROGATORY NO. 8:**    Identify all the medical and psychological treatments you have had since September 17, 2017, as alleged in paragraph 32 of the Complaint. Include in your answer each of your health providers and each provider's business name and address.

**OBJECTION:**    Defendant's request involves sensitive and personal information. Plaintiff will timely respond once an appropriate protective order is in place.

**ANSWER:**    Plaintiff will respond with relevant non-privileged information once an appropriate protective order is in place.

**INTERROGATORY NO. 9:**    State any and all facts which support your contention that you "fear[ed] for your life" and "additional physical injury" as alleged in paragraph 36 of the Complaint.

**ANSWER:**    Plaintiff is aware of the fact that Defendant provides background and undercover investigations of individuals and appears to have a network of undercover and nefarious international business partners providing these services. Defendant made statements to Plaintiff that Plaintiff interpreted as threatening, and Plaintiff is intimidated by Defendant's international and shady connections. Further, Defendant raped Plaintiff while she was asleep and she was required to fight with Defendant. Being raped while asleep and fighting off an assailant caused Plaintiff to fear for her life and physical injuries beyond what Defendant caused.

**INTERROGATORY NO. 10:**    Describe in detail all injuries sustained by you as a result of the alleged incident, including but not limited to the nature, extent and duration of such injuries.

**OBJECTION:**    Defendant's request involves sensitive and personal information. Plaintiff will timely respond once an appropriate protective order is in place.

**ANSWER:** Beyond what is described in detail in Plaintiff's Complaint, Plaintiff has suffered extensive physical, emotional, psychological and other injuries. Plaintiff will supplement when an appropriate protective order is in place.

**INTERROGATORY NO. 11:** State your employment, business, profession, or occupation on the date of the incident giving rise to this litigation, for the five-year period prior to the occurrence, and for the period of time between the occurrence and present-day; the name and address of any employer, or your place of employment at all such times; your job classification, description of specialty, rate, or amount of your compensation or earnings at all such times.

**OBJECTION:** Defendant's request involves sensitive and personal financial information. Plaintiff will timely respond once an appropriate protective order is in place.

**ANSWER:** Plaintiff is compiling this information and will timely supplement her response once an appropriate protective order is in place.

**INTERROGATORY NO. 12:** State whether you claim any loss of income, earnings, or loss of earning capacity, and if so, the dates and time lost in each date and the total time claimed to have been lost from gainful employment; the monetary amount of loss of wages, income, or earnings claimed and the manner or method used to determine same, or the amount of lost earning capacity and the amount lost as a result.

**OBJECTION:** Defendant's request involves sensitive and personal financial information. Plaintiff will timely respond once an appropriate protective order is in place.

**ANSWER:** Plaintiff is compiling this information and, subject to her objections and entry of an appropriate protective order, will timely supplement her response.

**INTERROGATORY NO. 13:** State the nature, extent, symptoms, and complaints of injuries claimed by you to have been suffered as a result of the occurrence giving rise to this litigation and as reflected by the history, examination, diagnosis, treatment, and prognosis of all doctors, practitioners, or physicians consulted.

**OBJECTION:** Defendant's request involves sensitive and personal medical information. Plaintiff will timely respond once an appropriate protective order is in place.

**ANSWER:** Plaintiff is compiling this information and, subject to her objections and entry of an appropriate protective order, will timely supplement her response.

**INTERROGATORY NO. 14:** If it is claimed that any of said injuries are permanent, set forth, in detail, the nature of such permanency, the disability claimed to result there from, and the name or names of the physician or physicians making such prognosis.

**OBJECTION:** Defendant's request involves sensitive and personal medical information. Plaintiff will timely respond once an appropriate protective order is in place.

**ANSWER:**   Plaintiff is compiling this information and, subject to her objections and entry of an appropriate protective order, will timely supplement her response.

**INTERROGATORY NO. 15:**   State what physical or mental complaints, symptoms, injuries, or disabilities you claim to suffer at the present time as a result of the occurrence giving rise to this litigation, and the effect, if any, on your normal activities.

**OBJECTION:**   Defendant's request involves sensitive and personal medical and financial information. Plaintiff will timely respond once an appropriate protective order is in place.

**ANSWER:**   Plaintiff is compiling this information and, subject to her objections and entry of an appropriate protective order, will timely supplement her response.

**INTERROGATORY NO. 16:**   State the names and addresses of all doctors, practitioners, nurses, health care providers, clinics, hospitals, or others who consulted with, diagnosed, examined, treated, or cared for you for injuries allegedly occurring as a result of the occurrence giving rise to this litigation and charged to be the responsibility of the defendant in this case; the date of such consultations, examinations, or treatments, and the itemized charges for such services. Please attach any and all statements for services rendered and reports which you or your attorney have received from such practitioners, nurses, or others.

**OBJECTION:**   Defendant's request involves sensitive and personal medical information. Plaintiff will timely respond once an appropriate protective order is in place.

**ANSWER:**   Plaintiff is compiling this information and, subject to her objections and entry of an appropriate protective order, will timely supplement her response.

**INTERROGATORY NO. 17:**   Identify by full name and address all health care providers, family physicians, hospitals, clinics, chiropractors, or other providers of the healing arts who have examined, treated, diagnosed, or evaluated you in the past five (5) years.

**OBJECTION:**   Defendant's request involves sensitive and personal medical information. Plaintiff will timely respond once an appropriate protective order is in place.

**ANSWER:**   Plaintiff is compiling this information and, subject to her objections and entry of an appropriate protective order, will timely supplement her response.

**INTERROGATORY NO. 18:**   Identify each item of damage you claim you sustained as a result of the alleged conduct of Defendant; and further state the dollar amount you are claiming for each item of damage; including all monetary and non-monetary items and the manner in which you have calculated the dollar amount of each such item of damages; the date(s), time, place and circumstance under which the loss occurred; identify all individuals who have knowledge of the facts and circumstances of these alleged damages; and identify all documents which may support, concern or

reference your alleged damages.

**OBJECTION:** Defendant's request involves sensitive and personal financial information. Plaintiff will timely respond once an appropriate protective order is in place. Plaintiff objects to the extent that this request is directed to attorney work product.

**ANSWER:** Plaintiff is compiling this information and, subject to her objections and entry of an appropriate protective order, will timely supplement her response. Plaintiff is compiling this information for trial or dispositive motions and will timely supplement when this process is complete.

**INTERROGATORY NO. 19:** If you ever suffered from mental anguish, emotional distress, or other similar or related conditions before the actions of Defendant as described in the Complaint, describe each such condition including the dates during which you suffered from it.

**OBJECTION:** Defendant's request involves sensitive and personal medical information. Plaintiff will timely respond once an appropriate protective order is in place.

**ANSWER:** Plaintiff currently suffers from extensive mental anguish, emotional distress and other similar and related conditions. These have interfered with her professional and personal life. Plaintiff has experienced these beginning immediately after the rape, and continuously through the present. Plaintiff is compiling this information and, subject to her objections and entry of an appropriate protective order, will timely supplement her response. Plaintiff is compiling this information for trial or dispositive motions and will timely supplement when this process is complete.

**INTERROGATORY NO. 20:** Identify, by full name and address, all pharmacies where you have filled prescriptions for the past five years.

**OBJECTION:** Defendant's request involves sensitive and personal medical information. Plaintiff will timely respond once an appropriate protective order is in place.

**ANSWER:** Plaintiff is compiling this information and, subject to her objections and entry of an appropriate protective order, will timely supplement her response.

Respectfully Submitted,

 /s/ Thomas F. Urban II                          .
Thomas F. Urban II, Virginia Bar No. 40540
FLETCHER, HEALD & HILDRETH, PLC
1300 North 17th Street, Suite 1100
Arlington, VA 22209
(703) 861-5235 FAX (703) 812-0486
Urban@fhhlaw.com

Walter Steimel, Jr. (*pro hac* vice)
Steimel Conner Law Group PLLC
1455 Pennsylvania Ave., N.W., Suite 400
Washington, D.C. 20004
(202) 271-9258
wes@sclgrp.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and accurate copy of the foregoing was sent via email and/or U.S. First Class Mail to
Anna Dvorchik, Esq.
The Law Office of Anna K. Dvorchik, PLLC
3970 Chain Bridge Road
Fairfax, VA 22030

Alexandros Mitrakas, Esq.
Mitrakas and Company, PC.
1001 19th Street North, Suite 1200
Arlington, VA 22209
*Counsel for Defendant*

on this the 1st day of October, 2020.

$\underline{\hspace{1em}\text{/s/ Thomas F. Urban II}\hspace{4em}}$
Thomas F. Urban II

VIRGINIA:

### IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| **JANE DOE,** | * | |
| **Plaintiff,** | * | |
| | * | **Case No. 2019 12642** |
| **v.** | * | |
| **CENK SIDAR,** | * | |
| **Defendant.** | * | |

### PLAINTIFF'S RESPONSES TO
### DEFENDANT'S FIRST SET OF REQUESTS FOR DOCUMENTS TO PLAINTIFF

Plaintiff Jane Doe (hereinafter, "Doe" or "Plaintiff"), by and through the undersigned counsel, pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, hereby serves the following Responses to the First Set of Requests for Production submitted by Defendant Cenk Sidar ("Sidar" or "Defendant").

### GENERAL OBJECTIONS

A.      Plaintiff objects to Sidar's Requests for Production to the extent that the requests seek to impose upon Plaintiff obligations greater than, or in contradiction to, those imposed by the Supreme Court of Virginia Rules and the rules and Orders of this Court.

B.      Plaintiff objects to Sidar's Requests for Production of Documents to the extent that the requests seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

C.      Plaintiff objects to Sidar's Requests for Production to the extent that the requests seek information protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

D.      Plaintiff objects to Sidar's Requests for Production to the extent that the requests seek evidence within its possession, custody, or control, are already in Sidar's possession, custody, or control, or are in the possession, custody, or control of third parties.

E.      Plaintiff objects to Sidar's Requests for Production to the extent that the requests are overly broad as they fail to specify a time period for which documents are requested.

F.      Plaintiff's agreement that she will produce any responsive non-privileged documents in her possession in response to any Request is not an admission that such documents exist.

G.    Plaintiff is willing to meet and confer regarding any objectionable Requests.

H.    In responding to Sidar's Requests for Production, Plaintiff expressly reserves her right to object to the admission into evidence of any and all information made available in response to any Request for Production on any ground including, but not limited to, the ground that the information or request is irrelevant and immaterial to the issues in this action. Nothing in Plaintiff's responses to any Request for Production should be construed as an admission respecting the admissibility or relevance of any fact or document or the truth or accuracy of any characterization of any kind contained in the Requests for Production.

## MANNER OF COMPLIANCE

Subject to her objections, Plaintiff will produce responsive, non-privileged, and non-protected documents by providing Sidar's counsel with copies of such documents at a mutually acceptable time, place and/or manner. Plaintiff's investigation is ongoing; Plaintiff reserves the right to supplement her production of documents if and when additional responsive documents are located.

Subject to and without waiver of the foregoing General Objections, Plaintiff responds and objects as follow:

## SPECIFIC RESPONSES AND OBJECTIONS TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Any document identified in your Answers to the First Set of Interrogatories which is currently in your possession, custody, or control.

**RESPONSE:** Plaintiff will produce all non-privileged documents in her possession that are responsive to this request.

**REQUEST NO. 2:** Excluding communications between you and your attorney(s), any document relied on in crafting your Answers to the First Set of Interrogatories.

**RESPONSE:** Plaintiff will produce all non-privileged documents in her possession that are responsive to this request.

**REQUEST NO. 3:** All documents to or from any expert witness you intend to call at the trial (or evidentiary hearing) in this matter.

**RESPONSE:** Plaintiff objects to this Request on the grounds that such requests are not authorized in Rule 4:1(b)(4)(A) and a litigant cannot use a request for production of documents (under the guise of an interrogatory) under Rule 4:9 to circumvent the exclusive method established in Rule 4:1(b)(4) for discovering expert opinions, as set out in <u>Flora v. Shulmister</u>,

262 Va. 215, 222 (2001). Plaintiff will negotiate with Defendant regarding a mutually acceptable arrangement regarding expert witnesses, but at the present time, Plaintiff has no such documents and, when such documents are created, will not produce any documents in response to this Request absent such an agreement.

**REQUEST NO. 4:** All documents received as a result of a subpoena filed in this action.

**RESPONSE:** Plaintiff will produce all non-privileged documents in her possession that are responsive to this request.

**REQUEST NO. 5:** All exhibits you intend to use at the trial (or evidentiary hearing) in this matter.

**RESPONSE:** Plaintiff objects to this Request to the extent that it seeks documents in violation of the attorney work product doctrine. Plaintiff further objects to the extent that this Request seeks legal opinions. Notwithstanding and without waiving these objections and the General Objections, Plaintiff will produce documents otherwise responsive to this Request to the extent that they are in Plaintiff's possession, custody or control and not otherwise protected or privileged.

**REQUEST NO. 6:** All written communications between you and the Defendant from September1, 2016 to the present.

**RESPONSE:** Plaintiff objects to this Request to the extent that these documents should already be in the possession of Defendant unless he has engaged in document destruction. Notwithstanding and without waiving this objection and the General Objections, Plaintiff will produce documents responsive to this Request to the extent that they are in Plaintiff's possession, custody or control.

**REQUEST NO. 7:** All written communications between you and anyone other than your attorney relating to the incident which gave rise to the Complaint.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague regarding the term "relating" as it is a subjective term, inappropriate for a request for production. Notwithstanding and without waiving this objection and the General Objections, Plaintiff will produce written communications regarding the incident which gave rise to the Complaint to the extent that they are in Plaintiff's possession, custody or control and not otherwise protected or privileged.

**REQUEST NO. 8:** All written communications between you and anyone other than your attorney regarding Defendant from September 1, 2016 to the present.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad and includes documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it seeks documents that may be

privileged or protected. Notwithstanding and without waiving these objections and the General Objections, Plaintiff will produce documents otherwise responsive to this Request to the extent that they involve any aspect of Plaintiff's Complaint, are in Plaintiff's possession, custody or control, and are not otherwise protected or privileged.

**REQUEST NO. 9:** All documents regarding the care and treatment rendered to you as a result of the incident which gave rise to the Complaint, and as described in your Answers to Interrogatories.

**RESPONSE:** Plaintiff will produce all non-privileged documents in her possession that are responsive to this request.

**REQUEST NO. 10:** All documents concerning the care, treatment, hospital care, physical therapy, or any other medical or health care rendered to you from January 1, 2013 to the present.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad and includes documents (and time periods) not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it seeks documents that may be privileged or protected. Notwithstanding and without waiving these objections and the General Objections, Plaintiff will produce documents otherwise responsive to this Request to the extent that they involve any aspect of Plaintiff's Complaint, are in Plaintiff's possession, custody or control, and are not otherwise protected or privileged.

**REQUEST NO. 11:** All documents which tend to show evidence of the nature, amount, and degree of injury complained of in your Complaint.

**RESPONSE:** Plaintiff will produce all non-privileged documents in her possession that are responsive to this request.

**REQUEST NO. 12:** All documents showing lost wages which you claim were the result of the incident complained of in the Complaint.

**RESPONSE:** Plaintiff will produce all non-privileged documents in her possession that are responsive to this request.

**REQUEST NO. 13:** All documents relating to witness statements which relate to the matters complained of in the Complaint.

**RESPONSE:** Plaintiff objects to this Request to the extent that it is vague regarding the terms "relating" and "relate" as they are subjective terms, inappropriate for a request for production. Notwithstanding and without waiving this objection and the General Objections, Plaintiff will produce witness statements which involve the matter complained of in the Complaint to the extent that they are in Plaintiff's possession and not otherwise protected or privileged.

**REQUEST NO. 14:** All documents relating to prior injuries, illnesses, disease, or disabilities from January 1, 2013 to the present.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad and includes documents (and time periods) not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it seeks documents that may be privileged or protected. Notwithstanding and without waiving these objections and the General Objections, Plaintiff will produce documents otherwise responsive to this Request to the extent that they involve any aspect of Plaintiff's Complaint, are in Plaintiff's possession, and are not otherwise protected or privileged.

**REQUEST NO. 15:** All documents evidencing the amount of damages or losses you claim resulted from the incident complained of in the Complaint.

**RESPONSE:** Plaintiff will produce all non-privileged documents in her possession that are responsive to this request.

**REQUEST NO. 16:** Any diaries or logs reflecting notes or information about the incident giving rise to the Complaint.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably limited in scope. Notwithstanding and without waiving these objections and the General Objections, Plaintiff will provide any diaries or logs that specifically mention the incident giving rise to the Complaint, properly redacted to protect other personal information, to the extent that there are any such documents in her possession.

**REQUEST NO. 17:** Any diaries or logs reflecting notes or information about medical treatment, pain complaints, or lost wages.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably limited in scope. Notwithstanding and without waiving these objections and the General Objections, Plaintiff will provide any diaries or logs that specifically mention the incident giving rise to the Complaint, properly redacted to protect other personal information, to the extent that there are any such documents in her possession.

**REQUEST NO. 18:** If you are or have been involved in any other litigation as a plaintiff in the past ten (10) years, provide copies of the Complaints, your discovery responses, and transcripts from any deposition taken of you.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this objection and the General Objections, Plaintiff states there are no such documents.

**REQUEST NO. 19:** Copies of any and all Facebook postings, Twitter messages, or

other social media messages regarding the incident in question or the injuries and damages claimed in this case.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20:** Invoices for all attorney's fees claimed in this case.

**RESPONSE:** Plaintiff objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and the work product doctrine. Notwithstanding and without waiving this objection and the General Objections, Plaintiff agrees that, if the jury finds Defendant liable for Plaintiff's attorneys' fees (other than those already paid for by Defendant), Plaintiff will produce properly redacted attorneys' fees invoices.

Respectfully Submitted,

  /s/ Thomas F. Urban II
Thomas F. Urban II, Virginia Bar No. 40540
FLETCHER, HEALD & HILDRETH, PLC
1300 North 17th Street, Suite 1100
Arlington, VA 22209
(703) 861-5235 FAX (703) 812-0486
Urban@fhhlaw.com

Walter Steimel, Jr. (*pro hac* vice)
Steimel Conner Law Group PLLC
1455 Pennsylvania Ave., N.W., Suite 400
Washington, D.C. 20004
(202) 271-9258
wes@sclgrp.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and accurate copy of the foregoing was sent via email and/or U.S. First Class Mail to

Anna Dvorchik, Esq.
The Law Office of Anna K. Dvorchik, PLLC
3970 Chain Bridge Road
Fairfax, VA 22030

Alexandros Mitrakas, Esq.
Mitrakas and Company, PC.
1001 19th Street North, Suite 1200
Arlington, VA 22209
*Counsel for Defendant*

on this the 1st day of October 2020.

/s/ Thomas F. Urban II
Thomas F. Urban II

**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| **JANE DOE** | * |
| | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | *  **Case No. 2019 12642** |
| | * |
| **CENK SIDAR,** | * |
| | * |
| **Defendant.** | * |
| | * |
| | * |

## PLAINTIFF'S SETTLEMENTAL RESPONSES TO
## DEFENDANT'S FIRST SET OF REQUESTS FOR DOCUMENTS TO PLAINTIFF

Plaintiff Jane Doe (hereinafter, "Doe" or "Plaintiff"), by and through the undersigned counsel, pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, hereby serves the following Supplemental Responses to the First Set of Requests for Production submitted by Defendant Cenk Sidar ("Sidar" or "Defendant").

## GENERAL OBJECTIONS

A.     Plaintiff objects to Sidar's Requests for Production to the extent that the requests seek to impose upon Plaintiff obligations greater than, or in contradiction to, those imposed by the Supreme Court of Virginia Rules and the rules and Orders of this Court.  To the extent that Plaintiff withholds or fails to produce any documents on this basis, Plaintiff will identify such withholding in response to each Request.

B.     Plaintiff objects to Sidar's Requests for Production of Documents to the extent that the requests seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

C.     Plaintiff objects to Sidar's Requests for Production to the extent that the requests seek information protected by the attorney-client privilege or the work product doctrine.

D.     Plaintiff's agreement that she will produce any responsive non-privileged documents in her possession in response to any Request is not an admission that such documents exist.

E.     If Plaintiff withholds any documents based upon an assertion of any objection, other than communications with her counsel in this matter, Plaintiff will provide the information required under Rule 4:9(b)(ii) and Rule 4:1(b)(6).

F.     In responding to Sidar's Requests for Production, Plaintiff expressly reserves her right to object to the admission into evidence of any and all information made available in response to any Request for Production on any ground including, but not limited to, the ground that the information or request is irrelevant and immaterial to the issues in this action. Nothing in Plaintiff's responses to any Request for Production should be construed as an admission respecting the admissibility or relevance of any fact or document or the truth or accuracy of any characterization of any kind contained in the Requests for Production.

## MANNER OF COMPLIANCE

Subject to her objections, Plaintiff will produce responsive, non-privileged, and non-protected documents by providing Sidar's counsel with copies of such documents at a mutually acceptable time, place and/or manner. Plaintiff's investigation is ongoing; Plaintiff reserves the right to supplement her production of documents if and when additional responsive documents are located.

Subject to and without waiver of the foregoing General Objections, Plaintiff responds and objects as follow:

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Any document identified in your Answers to the First Set of Interrogatories which is currently in your possession, custody, or control.

**SUPPLEMENTAL RESPONSE:** Please see Bates Nos. P Prod 501-18. Plaintiff will produce all non-privileged documents in her possession that are responsive to this request.

**REQUEST NO. 2:** Excluding communications between you and your attorney(s), any document relied on in crafting your Answers to the First Set of Interrogatories.

**SUPPLEMENTAL RESPONSE:** Please see Bates Nos. P Prod 501-18. Plaintiff is aware of no such documents other than those produced in response to Request No. 1.

**REQUEST NO. 3:** All documents to or from any expert witness you intend to call at the trial (or evidentiary hearing) in this matter.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this Request on the grounds that such requests are not authorized in Rule 4:1(b)(4)(A) and a litigant cannot use a request for production of documents (under the guise of an interrogatory) under Rule 4:9 to circumvent the exclusive method established in Rule 4:1(b)(4) for discovering expert opinions, as set out in Flora v. Shulmister, 262 Va. 215, 222 (2001). Plaintiff will negotiate with Defendant regarding a mutually acceptable arrangement regarding expert witnesses, but at the present time, Plaintiff has no such documents and, when such documents are created, will not produce any documents in response to this Request absent such an agreement.

**REQUEST NO. 4:** All documents received as a result of a subpoena filed in this action.

**SUPPLEMENTAL RESPONSE:** Plaintiff will produce all non-privileged documents in her possession that are responsive to this request.

**REQUEST NO. 5:** All exhibits you intend to use at the trial (or evidentiary hearing)in this matter.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this Request to the extent that it seeks documents in violation of the attorney work product doctrine. Notwithstanding and without waiving this objection and the General Objections, please see Bates Nos. P Prod 501-18. Plaintiff will produce additional documents otherwise responsive to this Request to the extent that they are in Plaintiff's possession, custody or control and not otherwise protected or privileged.

**REQUEST NO. 6:** All written communications between you and the Defendant from September 1, 2016 to the present.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this Request to the extent that these documents should already be in the possession of Defendant unless he has engaged in document destruction. Notwithstanding this objection and the General Objections, please see Bates Nos. P Prod 501-18. Plaintiff will produce additional documents responsive to this Request to the extent that they are in Plaintiff's possession, custody or control.

**REQUEST NO. 7:** All written communications between you and anyone other than your attorney relating to the incident which gave rise to the Complaint.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this Request to the extent that it is vague regarding the term "relating" as it is a subjective term, inappropriate for a request for production. Plaintiff will use the definition for the term "relating" that is included as Instruction J to Plaintiff's First Set of Requests for Production issued to Defendant. Notwithstanding and without waiving this objection and the General Objections, please see Bates Nos. P Prod 501-18. Plaintiff will produce additional written communications regarding the incident which gave rise to the Complaint to the extent that they are in Plaintiff's possession, custody or control and not otherwise protected or privileged.

**REQUEST NO. 8:** All written communications between you and anyone other than your attorney regarding Defendant from September 1, 2016 to the present.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this Request to the extent that it seeks documents that may be privileged or protected. Notwithstanding and without waiving these objections and the General Objections, please see Bates Nos. P Prod 501-18. Plaintiff will produce additional documents otherwise responsive to this Request to the extent that they involve any aspect of Plaintiff's Complaint, are in Plaintiff's possession, custody or control, and are not otherwise protected or privileged.

**REQUEST NO. 9:** All documents regarding the care and treatment rendered to you as a

result of the incident which gave rise to the Complaint, and as described in your Answers to Interrogatories.

**SUPPLEMENTAL RESPONSE:** Plaintiff will produce all non-privileged documents in her possession that are responsive to this request.

**REQUEST NO. 10:** All documents concerning the care, treatment, hospital care, physical therapy, or any other medical or health care rendered to you from January 1, 2013 to the present.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this Request on the grounds that it seeks sensitive and personal medical information. Plaintiff will timely respond and produced all non-privileged documents that are responsive to this request once an appropriate protective order is in place.

**REQUEST NO. 11:** All documents which tend to show evidence of the nature,amount, amount, and degree of injury complained of in your Complaint.

**SUPPLEMENTAL RESPONSE:** Defendant's request involves sensitive and personal financial information. Plaintiff will timely respond and produced all non-privileged documents that are responsive to this request once an appropriate protective order is in place.

**REQUEST NO. 12:** All documents showing lost wages which you claim were the result of the incident complained of in the Complaint.

**SUPPLEMENTAL RESPONSE:** Defendant's request involves sensitive and personal financial information. Plaintiff will timely respond and produced all non-privileged documents that are responsive to this request once an appropriate protective order is in place.

**REQUEST NO. 13:** All documents relating to witness statements which relate to the matters complained of in the Complaint.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this Request to the extent that it is vague regarding the terms "relating" and "relate" as they are subjective terms, inappropriate for a request for production. Plaintiff will use the definition for the term "relating" that is included as Instruction J to Plaintiff's First Set of Requests for Production issued to Defendant. Notwithstanding and without waiving this objection and the General Objections, Plaintiff will produce witness statements which involve the matter complained of in the Complaint to the extent that they are in Plaintiff's possession and not otherwise protected or privileged.

**REQUEST NO. 14:** All documents relating to prior injuries, illnesses, disease, or disabilities from January 1, 2013 to the present.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this Request to the extent that it is vague regarding the term "relating" as it is a subjective term, inappropriate for a request for production. Plaintiff will use the definition for the term "relating" that is included as Instruction J to

4

Plaintiff's First Set of Requests for Production issued to Defendant. Plaintiff further objects to this Request to the extent that it seeks documents that may be privileged or protected. Defendant's request involves sensitive and personal medical information. Notwithstanding and without waiving this objection and the General Objections, Plaintiff will timely respond and produced all non-privileged documents that are responsive to this request once an appropriate protective order is in place.

**REQUEST NO. 15:** All documents evidencing the amount of damages or losses you claim resulted from the incident complained of in the Complaint.

**SUPPLEMENTAL RESPONSE:** Defendant's request involves sensitive and personal financial information. Plaintiff will timely respond and produced all non-privileged documents that are responsive to this request once an appropriate protective order is in place.

**REQUEST NO. 16:** Any diaries or logs reflecting notes or information about the incident giving rise to the Complaint.

**SUPPLEMENTAL RESPONSE:** Plaintiff will provide any diaries or logs that specifically mention the incident giving rise to the Complaint, properly redacted to protect other personal information, to the extent that there are any such documents in her possession.

**REQUEST NO. 17:** Any diaries or logs reflecting notes or information about medical treatment, pain complaints, or lost wages.

**SUPPLEMENTAL RESPONSE:** Defendant's request involves sensitive and personal financial information. Plaintiff will timely respond and produced all non-privileged documents that are responsive to this request once an appropriate protective order is in place.

**REQUEST NO. 18:** If you are or have been involved in any other litigation as a plaintiff in the past ten (10) years, provide copies of the Complaints, your discovery responses, and transcripts from any deposition taken of you.

**SUPPLEMENTAL RESPONSE:** Plaintiff states there are no such documents.

**REQUEST NO. 19:** Copies of any and all Facebook postings, Twitter messages, or other social media messages regarding the incident in question or the injuries and damages claimed in this case.

**SUPPLEMENTAL RESPONSE:** Plaintiff will produce documents regarding social media content (to the extent that she understands the term "social media") to the extent that there are any such documents in her possession.

**REQUEST NO. 20:** Invoices for all attorney's fees claimed in this case.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and the work product doctrine.

Notwithstanding and without waiving this objection and the General Objections, Plaintiff agrees that Plaintiff will supplement this information with proper redactions if Plaintiff continues to pursue its attorneys' fee claim after December 3, 2021.

Respectfully Submitted,

Thomas F. Urban II, Virginia Bar No. 40540
FLETCHER, HEALD & HILDRETH, PLC
1300 North 17th Street, Suite 1100
Arlington, VA 22209
Urban@fhhlaw.com

Walter Steimel, Jr. (*pro hac* vice)
Steimel Conner Law Group PLLC
1455 Pennsylvania Ave., N.W., Suite 400
Washington, D.C. 20004
(202) 271-9258
wes@sclgrp.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and accurate copy of the foregoing was hand delivered to

Mariam W. Tadros, Esq.
Rees Broome, PC
1900 Gallows Road, Suite 700
Tysons Corner, Virginia 22182

And sent by electronic mail to

Alexandros Mitrakas, Esq.
Mitrakas and Company, PC.
1001 19th Street North, Suite 1200
Arlington, VA 22209

*Counsel for Defendant*

on this the 18th day of November, 2021.

Thomas F. Urban II

6