## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| JANE DOE, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : Civil Action No. 1:22-cv-00545 (CMH/TCB) |
| | : |
| CENK SIDAR, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO REMOVE PSEUDONYM DESIGNATION**

Defendant, Cenk Sidar ("Defendant"), by counsel, submits the following Reply to Plaintiff Jane Doe's ("Plaintiff) Opposition ("Opposition") to Defendant's Renewed Motion to Remove Pseudonym Designation.

### A. The Doctrines of Waiver and Laches Do Not Apply.

As a threshold matter, Plaintiff makes the bald and unsupported allegations that "[t]here can be no prejudice to the defendant by maintaining pseudonymity" and that "Plaintiff . . . has taken no actions to publicly humiliate Defendant . . . ." ECF No. 108, at 9-10. This is simply untrue. Plaintiff's allegations submit Defendant to reputational harm, including in relation to his profession. **Exhibit 1**, Sidar Decl. ¶ 8. For example, Plaintiff's counsel has already sent correspondence to the Chief Administrative Officer of Defendant's employer outlining the baseless allegations made by Plaintiff in this matter. Sidar Decl. ¶ 9.

Plaintiff also takes issue with the fact that Defendant did not seek to remove the pseudonym designation in Fairfax Circuit Court.[1] ECF No. 108 at 2. However, the same ease for widespread dissemination of the allegations was not present in Fairfax Circuit Court as it is in the District Court. Fairfax does not have an electronic public access system to court records like PACER. The only electronic system that Fairfax has is CPAN, which is a subscription-based service that allows users to view the docket itself and not the pleadings and documents filed in a matter, as well as the allegations contained therein.[2] PACER allows anyone to view full pleadings and documents filed

---

[1] Plaintiff makes various ad hominem attacks against undersigned counsel. These attacks deter from the real issue in this case, which is whether a Plaintiff should be able to file a $12,000,000 lawsuit without having to disclose her identity. Case law simply does not support this request.

[2] Specifically, for civil cases, the information available online in CPAN is limited to "the case number, date filed, status, plaintiff(s), defendant(s), case subtype, attorney(s), and a register of actions with the most recent activities shown first." **Exhibit 2,** Fairfax Circuit Court, Court's Public Access Network Information Package, at 3.

1

in a matter without having to physically go to the courthouse to retrieve those documents, which is the case in Fairfax Circuit Court.

Plaintiff asserts that the default entered against Defendant effectively precludes him from seeking to strike the pseudonym designation. Aside from lacking any case law to support this argument, the Plaintiff ignores that the harm to Defendant is the same regardless of whether a default is entered against him. Defendant still has to defend this matter, and his reputation, while Plaintiff wishes to remain anonymous.

Plaintiff also asserts that prior to filing her case in Fairfax Circuit Court she undertook extensive discussions with Defendant's counsel in efforts to avoid litigation and that Defendant did not request confidentiality or anonymity. ECF No. 108 at 11. However, Plaintiff fails to mention that her counsel threatened to ruin Defendant's reputation in what can be charitably called extortion to try to force some sort of settlement. Sidar Decl. ¶¶ 3-7. Additionally, Defendant did not have counsel at that time. Sidar Decl. ¶¶ 4, 7. Plaintiff concludes that "Plaintiff believes that Defendant has waived any right to relief on his motion, and that his motion is filed solely to create additional angst and emotional harm on Plaintiff." ECF No. 108 at 11. However, Plaintiff cites no support for her arguments that Defendant waived any rights or that the doctrine of laches is in any way applicable.[3]

"Laches is one of the affirmative defenses generally allowable under Fed. R. Civ. P. 8(c), although it is properly relevant only where the claims presented may be characterized as equitable, rather than legal." *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990). Laches imposes on the defendant (or, rather, Plaintiff, under the theory that she is advancing) the burden of proving "(1)

---

[3] Plaintiff also stresses that "Defendant took few, if any, steps to protect his identity . . . ." ECF No. 25 at 2. Besides being untrue, this is also irrelevant to the analysis of revealing Plaintiffs' identity.

lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Constello v. United States*, 365 U.S. 265, 282 (1961). The first element, lack of diligence, exists where "the plaintiff delayed inexcusably or unreasonably in filing suit." *Nat'l Wildlife Fed'n v. Burford*, 835 F.2d 305, 318 (D.C. Cir. 1987). Prejudice to the defendant, the second element, "is demonstrated by a disadvantage on the part of the defendant in asserting or establishing a claimed right or some other harm caused by detrimental reliance on the plaintiff's conduct." *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990). Obviously neither of these elements, and, by extension the doctrine of laches itself, applies to the present motion.

**B.    Plaintiff Fails to Rely on Case Law that is Binding on this Court.**

Plaintiff begins her Opposition arguing that the "cases cited by Defendant are inapposite" and "do not address the anonymity of rape victims." ECF No. 108 at 4. Plaintiff asserts that "[t]he instant case is a rape case, and cases which address rape and sexual misconduct are the only ones relevant to Defendant's Motion." *Id*. However, as detailed below, Plaintiff does not point to any binding case law in this circuit, or really cases in the Fourth Circuit generally, to rely on her claims. While there may be no "rape victim" cases in the Fourth Circuit, there are plenty of cases, as discussed throughout Defendant's Memorandum, that discuss the principles behind the *James* factors. The application of the principles that the Fourth Circuit has elaborated upon is much more applicable to the present case in the Eastern District of Virginia as opposed to "rape victim" cases in other jurisdictions with different standards.[4] Regardless, the cases that Plaintiff relies upon do not support her claims.

---

[4] Plaintiff insinuates that this Court should give less weight to the Fourth Circuit case *Doe v. Public Citizen* because it was *criticized* in a *District of Columbia Circuit Court*, which is completely separate from the Fourth Circuit. ECF No. 108 at 4. Plaintiff further brings attention to the fact that *Doe v. Merten*, an Eastern District of Virginia case, was cited in contradiction by an opinion issued by the *Attorney General of Texas*. ECF No. 108 at 4. Defendant is not going to waste this Court's time by distinguishing this clearly irrelevant District of Columbia Circuit Court case and completely inapplicable opinion issued by the Attorney General of Texas.

Plaintiff attempts to rely upon *Doe v. Cabrera*, a United States District Court for the District of Columbia opinion. ECF No. 108 at 5. In *Cabrera*, a plaintiff brought a civil action against the defendant for allegations of assault, battery, and intentional infliction of emotional distress and sought to proceed under a pseudonym. 307 F.R.D. 1, 2 (D.D.C. 2014). The court found that "the public disclosure of the plaintiff's true identity is very likely to result in psychological trauma," a finding, based in part, by the plaintiff's submission of a detailed affidavit describing her trauma and, as a result, subjecting herself to perjury charges if her allegations were later determined to be untrue. *Id.* at 6. Plaintiff in the present matter did not submit an affidavit with her Opposition. Even more importantly, the plaintiff in *Cabrera* submitted an affidavit confirming her concerns "by a licensed clinical social worker, with over ten years of experience, who has evaluated the plaintiff." *Id.* at 7 n.10. The Plaintiff here did not submit any such evidence.

Finally, Plaintiff fails to note that the *Cabrera* court held that if the matter proceeded to trial, the plaintiff would not be allowed to use a pseudonym. *Id.* at 10 n. 15 ("It is not difficult to appreciate that jurors may infer that the Court has an opinion about the harm the plaintiff has allegedly suffered by its decision to permit the plaintiff to conceal her true identity. The Court cannot afford the plaintiff that potential advantage at the expense of the defendant, who like the plaintiff is also entitled to a fair trial."). It is telling that the Plaintiff omitted this very crucial fact.

Next, Plaintiff relies upon *Doe v. De Amigos, LLC*, another case from the United States District Court for the District of Columbia. In *De Amigos*, the plaintiff alleged that she was sexually assaulted after being served underage at a venue owned and operated by the defendant. *Doe v. De Amigos*, 2012 WL 13047579, at *1 (D.D.C. April 30, 2012). In that case, the reputational concerns against the defendant were different because the defendant was merely accused of serving alcohol to an underage individual, not of committing rape. *See id.* at *3 ("Here, the defendant challenging

4

plaintiff's motion is not the alleged attacker, but the venue that allegedly served her alcohol. Thus, the stigma that the courts feared would attach to the defendants in those cases is not of particular concern here."). Plaintiff also relies on *Doe v. Evans*, an Eastern District of Pennsylvania case in which alleged sexual assault victims brought civil rights claims against the Commissioner of the Pennsylvania State Police. 202 F.R.D. 173, 175 (E.D. Pa. 2001). The *Evans* plaintiff brought claims against the government, as opposed to a private entity.

Plaintiff concedes *Doe v. Rector & Visitors of Georgia Mason University* is the closest to the instant case, and that the Court "*granted* Plaintiff's request for pseudonymity." ECF No. 108 at 6. However, Plaintiff fails to mention that the *plaintiff* was the alleged rapist, not the victim, in that case. As detailed in Defendant's Memorandum in Support, in *Rector & Visitors of George Mason University*, Plaintiff Doe brought an action against George Mason University following a disciplinary process that he asserted was constitutionally-inadequate, which resulted in his expulsion after he was found responsible for sexual misconduct." 179 F. Supp. 3d 583, 585 (E.D. Va. 2016). The Court noted that "Plaintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule." *Id.* at 593. The Court noted that "it is possible that plaintiff could be targeted for 'retaliatory physical or mental harm' based on the accusations alone." *Id.* (quoting *James*, 6 F.3d at 238). The Court concluded that "what justifies the use of pseudonyms here is plaintiff's status as an accused perpetrator of sexual misconduct—a rapist." *Id.* The Court then continued that "[i]f plaintiff is ultimately found not responsible" as to the sexual misconduct allegations, "then he should not have his name forever associated in the public mind with an accusation that carries a significant social stigma." *Id.* at 594. The right to use a pseudonym was given to the plaintiff because of the potential harm of the label of "accused rapist," not to a defendant who is alleging she is a "rape victim." This fully supports

5

Defendant's position that he has been harmed by having his name in the public, relating to accusations that he denies, and that Plaintiff should not be given anonymity when he is not afforded the same privileges.

In *Doe v. University of Rhode Island*, a matter in which a plaintiff alleged that she was sexually assaulted and sought to proceed under a pseudonym, the court noted that:

> While I am sympathetic to plaintiff's quest for privacy, I do not find her situation is so compelling that nondisclosure is appropriate. It must be remembered that plaintiff is a victim and not the perpetrator of a violent, abusive and criminal act. The nature of plaintiff's claim does not involve any admission on her part that she has or will be engaged in any illegal activity, that she has violated the law or that she willingly engages in unaccepted sexual practices.

*Doe v. Univ. of R.I.*, 1993 WL 667341, at *3 (D.R.I. Dec. 28, 1993). In sum, unlike the cases, which are not binding authority, regardless, that Plaintiff relies upon, she offered no actual support for her claims from anyone who has knowledge of the facts giving rise to this case, instead relying upon two inapplicable "articles," as detailed further, below. She has accused a private individual of being a rapist and has not made any admissions on her own part that she has engaged in any illegal activity or that she violated the law. She has no basis upon which to proceed under a pseudonym.

### C. Plaintiff is Not Permitted to Proceed Under a Pseudonym Merely to Avoid Criticism and Preserve Her Privacy.

Plaintiff cites to a Seventh Circuit Court case for the proposition "that rape victims are entitled to anonymity." ECF No. 108 at 7 (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). However, the Seventh Circuit which is, again, not binding precedent in this Circuit in any manner, stated that "fictious names *are allowed* when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)

(emphasis added). The court also noted that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Id.* at 872. Clearly such use is permissive, not a blanket entitlement.

The next case that Plaintiff heavily relies upon is from the United States District Court for the Eastern District of New York in which the plaintiff brought claims that he was sexually abused by a rabbi at a Jewish school when he was a child. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 194 (E.D.N.Y. 2006). The plaintiff alleged that Rabbi Kolko sexually abused him while he was a minor student at Yeshiva, where Kolko was employed. *Id.* at 194. The plaintiff sought to procced anonymously in the litigation. In support, the plaintiff stated that he had been diagnosed with several psychiatric disorders, including post traumatic stress disorder, and that he would experience psychological harm if his identity was revealed in this case, "a claim supported by his treating psychiatrist," who submitted a declaration in support of the plaintiff's motion. *Id.* at 19495. In *Kolko*, the court also noted that there were two other plaintiffs who publicly disclosed their identities, so this balanced out the fact that the rabbi's reputation was at stake and better gave him "a public forum to defend the charges of abuse." *Id.* at 196; *see also id.* at 198 ("[S]ince there are two other plaintiffs in this Court alleging similar conduct who will be proceeding under their real names, defendants will have an unfettered opportunity to present their defenses and to challenge the credibility of their accusers."). This is not similar to the present case, where Plaintiff has not even provided an affidavit subjecting herself to perjury.

Citing to the United States Supreme Court opinion *Coker v. Georgia*, Plaintiff asserts that "the U.S. Supreme Court has recognized the seriousness of rape." ECF No. 108 at 7. Defendant does not disagree. In fact, in *Coker*, the Supreme Court noted that it did "not discount the

7

seriousness of rape as a crime" and that "[i]t is highly reprehensible, both in a moral sense and in its almost total contempt for the personal integrity and autonomy of the female victim and for the latter's privilege of choosing those with whom intimate relationships are to be established." *Coker v. Georgia*, 433 U.S. 584, 597 (1977). This speaks to how the public would perceive an accused rapist, not a rape victim.

Plaintiff also attempts to rely on the Seventh Circuit case of *Doe v. City of Chicago*. In *City of Chicago*, the plaintiff brought suit against a Chicago police officer, including claims for sexual harassment. 360 F.3d 667, 668 (7th Cir. 2004). The matter was on appeal related to the district court's grant of summary judgment, but the court noted that: "[a]s an aside, we express our concern about the plaintiff's litigating under a pseudonym." *Id.* In raising the issue *sua sponte*, the court continued that plaintiff:

> merely filed the complaint anonymously, there was no objection, and the judge conducted no inquiry into the propriety of anonymity. The judge's failure to make an independent determination of the appropriateness of the plaintiff's concealing her name was error because, as we have explained, "the use of fictious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts."

*Id.* at 669-70 (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (D.R.I. Dec. 28, 1993)). The court remanded the matter back to the district court to determine whether the plaintiff could anonymously litigate the matter, even though such designation was not being challenged by the defendant. *Id.* at 674. It is unclear why Plaintiff thinks that this opinion supports her Opposition.

Plaintiff also cites to the Virginia statute concerning crime victim and witness rights for the proposition that "Virginia also recognizes crime victim rights, affording them protections of privacy and protection from intimidation, and avenues for restitution." ECF No. 108 at 8. Relying

8

on this statute, Plaintiff also asserts that "[t]he strong public policy to protect rape victims hews strongly in favor of Plaintiff retaining anonymity." *Id*.

This statute, which, importantly, is within the *criminal* procedure title of the Virginia Code, says that victims and witnesses *to any crime* should be afforded certain rights, including that "their privacy is protected to the extent permissible under law." Va. Code § 19.2-11.01(A). This statute applies to *any* crime victim or witness and does not expound any policy to specifically protect rape victims. Regardless, again, this does not confer any *right* upon Plaintiff to proceed anonymously and any right to protection would be limited to the extent permissible under law, including under the *James* factors. *See also Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) ("[T]he criminal statutes cited by plaintiff apply to situations where the government chooses to prosecute a case, and offers anonymity to a victim who does not have a choice in or control over the prosecution. In the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to procced on the public record. The Court is cognizant of the defendants' concerns, and finds that it would be fundamentally unfair to allow plaintiff to make sure serious allegations against them without standing, as they must, in a public forum".).

### D. Plaintiff Does Not Establish That Revealing Her Identity Would Pose Harm to Her.

Plaintiff's Opposition asserts:

> Plaintiff works in governmental and military contracting worldwide, including in the Middle East. It is a well-documented fact that women who have been raped are subjected to ridicule, abuse, arrest, and prosecution in the Middle East.

ECF No. 108 at 9.

In support of this proposition, Plaintiff cites to a January 2019 *Frontiers in Psychology* article, specifically quoting the language: "Victims of sexual assault in many Middle Eastern communities are punished even outcast by their families, or must marry their rapists in order to

9

restore honor to their families." ECF No. 108 at 9. However, she does not allege that she lives in the Middle East or that she has a Middle Eastern family. *See, e.g.,* ECF No. 1 ¶ 6 ("Plaintiff is a natural person and a domiciliary of the Commonwealth of Virginia."). Furthermore, the *Frontiers in Psychology* article generally is not focused on sexual assault in Middle Eastern countries. Instead:

> This paper provides a comprehensive review of the research literature on victim blame in acquaintance rape cases, highlighting inconsistencies and drawing particular attention to area of research in need of further exploration. Specifically, we review the commonly studied individual (perceiver) facts that influence victim blaming, as well as common situational (target) factors included or manipulated within sexual assault scenarios. Our review reveals many inconsistent findings and interactions between perceiver and scenario factors. In an effort to make sense of these complex interactions and inconsistent findings, we suggest a need for more transparency in describing the scenarios used in research on victim blaming in sexual assault cases and greater empirical attention to sociocultural factors that may influence blaming tendencies.

ECF No. 108-1 at 1. Instead Plaintiff cites to the single sentence in the article that refers to sexual assault in Middle Eastern communities, which is a one-sentence summary of a 1998 article, in the background portion of the article on "Rape Culture." Plaintiff did not even take the time to cite to, or probably even review, the article that actually discussed this topic.

Plaintiff also cites to an *Asia Times Online* article, quoting the portion that reads: "in some countries such as the United Arab Emirates, rapists can face the death penalty, but sex outside marriage, or *zena*, is also a serious crime, and women who have reported sexual assaults have then been arrested themselves." ECF No. 108 at 9 (quoting ECF No. 108-2). This article is referring to people who report their sexual assault to Middle Eastern authorities after the sexual assault happens in the Middle East. Plaintiff did not report any sexual assaults in the Middle East or to

10

any Middle Eastern authorities. Rather, she reported to London authorities that she was allegedly sexually assaulted in London and then brought claims in the United States.

Regardless of the inapplicability of these articles, they are an improper attempt to admit expert testimony as hearsay and lack any foundation. "Under Virginia law, issues 'beyond the realm of common knowledge and experience of a lay jury' generally require expert testimony" and "[t]he expert testimony rule applies in diverse settings." *Benedict v. Hankook Tire Co. Ltd.,* 286 F. Supp. 3d 785, 791 (E.D. Va. 2018) (quoting *Beverly Enters.-Va., Inc. v. Nichols*, 441 S.E.2d 1, 3 (Va. 1994). "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert . . . may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. The evidence that Plaintiff is attempting to introduce—that victims of sexual assault in the Middle East are subject to assault and arrest in the Middle East—is beyond the realm of common knowledge and would require expert testimony. However, the articles she attempts to introduce are hearsay that, *inter alia*, lack any sort of foundation. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Plaintiff is attempting to rely on the articles, written by authors who are not submitting affidavits and who presumably do not even know who Plaintiff is, for the truth that women in the Middle East who are sexually assaulted can be arrested themselves. Somehow, she also makes the leap that women who are sexually assaulted in London and pursuing civil claims against the purported assailant in the United States will also be subject to arrest in the Middle East if they happen to travel there. This is quite a leap.

Plaintiff concludes that she "is rightfully afraid of the consequences if the fact that she was raped becomes publicized, especially in countries where she works and visits regularly," and that

11

"[i]n light of her own personal experiences and well documented research and reporting, this fear is fully justified." ECF No. 108 at 9. The scintilla of support that Plaintiff cobbled together after a quick internet search is a far cry from "well documented research and reporting."

### E. Both the Third and Fourth Factors Weigh Against Plaintiff.

Plaintiff asserts that in *Doe v. Virginia Polytechnic Institute & State University*, "the Court determined that the third *James* factor is crucial when a party is underage but otherwise neutral when they are not." ECF No. 108 at 10. However, this is certainly not what the Western District of Virginia Court held. This is another case in which the plaintiff who sought to proceed anonymously was the *alleged sexual assailant. See Doe v. Va. Polytechnic Inst. & State Univ.*, 2022 WL 972629, at *1 (W.D. Va. March 30, 2022). Plaintiff was a student at the university and a female accused him of sexual assault. *Id.* A student conduct hearing was held and the plaintiff was dismissed from the university. *Id.* He brought claims against the university, as well as some of the people involved in the disciplinary process, for violations of his procedural due process rights. *Id.* Regarding the third factor, the court noted that "the age of the female student who made the accusation against Doe is unknown" and that "identifying Doe increases the chances that the female student also will be identified and if she was a minor or very young adult when she filed her complaint against Doe, identifying him could bring unwanted attention to her." *Id.* at 3. Therefore, "[o]n balance, the court finds Doe's age to be a neutral factor in deciding whether he should proceed under a pseudonym." *Id.* It is undisputed that both Plaintiff and Defendant in the present matter are adults so this case weighs against Plaintiff proceeding with a pseudonym.

In *Cabrera*, a case heavily relied upon by Plaintiff in her Opposition, the court noted that "[w]here victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym" and that "[h]ere, the plaintiff was not a minor at the time of the

incident . . . so *this factor weighs against allowing the plaintiff to proceed anonymously.*" *Doe v. Cabrera*, 307 F.R.D. 1, 7-8 (D.D.C. 2014) (emphasis added); *see also W.M. v. Braskem Am., Inc.*, 2020 WL 1492544, at *2 (S.D. W. Va. Mar. 26, 2020) ("Plaintiff's age tips in favor against anonymity; while the Complaint and instant Motion are silent as to the issue, it appears he is an adult who had been employed since at least 2013."); *Doe v. De Amigos*, 2012 WL 13047579, at *2 (D.D.C. April 30, 2012) ("Plaintiff was eighteen at the time of the alleged sexual assault and at least eighteen at the time she filed the complaint in this action, so she was an adult under District of Columbia law. This weighs against anonymity.") (internal citation omitted).

In regard to the fourth factor, plaintiff admits that "[t]his action is between private parties, and not against a government or public entity." ECF No. 108 at 10. This is where the analysis should end. However, for some reason, Plaintiff thinks that "[t]his factor would only weigh against Plaintiff if there was any risk of harm to the Defendant's reputation that would offset Plaintiff's need for anonymity." *Id.* Relying again on *Virginia Polytechnic Institute & State University*, Plaintiff argues that this factor is "neutral in this case." ECF No. 25 at 9. The *Virginia Polytechnic Institute* court did find that the fourth factor "weighs neither in favor nor against allowing Doe to proceed anonymously," but that was because "although Doe names individual defendants, he is suing them only in their official capacities." *Doe v. Va. Polytechnic Inst. & State Univ.,* 2022 WL 972629, at *3 (W.D. Va. March 30, 2022). This somehow led Plaintiff to conclude that "[l]ifting the veil of anonymity only harms Plaintiff, extends and amplifies the emotional toll this has taken on her, adds an additional layer of financial burden in responding to Defendant's motion at this late stage in their litigation history and risks exposing her to new physical, mental and financial harm." ECF No. 108 at 10.

Also in relation to the fourth factor, the *Cabrera* court, again, noted that "[i]n assessing whether pseudonymous litigation is appropriate, courts must also consider whether an accused defendant is a governmental entity or a private party" and, as a result, "[t]his factor weighs against allowing the plaintiff to use a pseudonym because the defendant is a private litigant, who undoubtedly has concerns about his reputation." *Id.* at 8; *see also W.M. v. Braskem Am., Inc.*, 2020 WL 1492544, at *2 (S.D. W. Va. Mar. 26, 2020) ("The fourth factor also weighs against anonymity, as this action is brought against a private party and not a governmental entity."); *Doe v. De Amigos*, 2012 WL 13047579, at *3 (D.D.C. April 30, 2012) ("Defendant challenging the use of pseudonym in this action is a private corporation . . . . This factor also weighs against anonymity.").

Despite Plaintiff's attempts to muddy the waters and conflate issues with baseless allegations and inflammatory language, it is crystal clear that both the third and fourth *James* factors weigh in favor of Plaintiff not being to proceed anonymously because both Plaintiff and Defendant are adults and they are both private parties.

### F. Fairness Requires that Plaintiff's Identity Be Public.

Plaintiff asserts that "Defendant has described no unfairness to him in maintaining Plaintiff's anonymity." ECF No. 108 at 11. This could not be further from the truth. These issues are addressed in a case from the District Court for the Southern District of New York.[5] In *Doe v. Shakur*, the District Court for the Southern District of New York addressed the "difficult question of whether the victim of a sexual assault may prosecute a civil suit for damages under a pseudonym." 164 F.R.D. 359, 360 (S.D.N.Y. 1996). The court ultimately held:

---

[5] Throughout her opposition, and as detailed, *infra*, Plaintiff relies heavily upon the Eastern District of New York case *Doe No. 2. v. Kolko.* Utilizing her logic, a Southern District of New York Case should be equally persuasive.

14

> The present case is a difficult one. If the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault. Quite understandably, she does not want to be publicly identified and she has very legitimate privacy concerns. On balance, however, these concerns are outweighed by the following considerations.
>
> First, plaintiff has chosen to bring this lawsuit. She has made serious charges and has put her credibly in issue. Fairness requires that she be prepared to stand behind her charges publicly.
>
> Second, this is a civil suit for damages, where plaintiff is seeking to vindicate primarily her own interests. This is not a criminal case where rape shield laws might provide some anonymity to encourage victims to testify to vindicate the public's interest in enforcement of our laws . . . .
>
> Third, [defendant] has been publicly accused. If plaintiff were permitted to prosecute this case anonymously, [defendant] would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity.

*Id.* at 361. Plaintiff asserts that she "is a rape victim" and "if rape victims like her are required to disclose their anonymity it will serve as a caution note [sic] to other rape victims and be viewed as another tool of retaliation by Defendants [sic]." ECF No. 108 at 6.[6] The *Shakur* court also noted that "[i]t may be, as plaintiff suggests, that victims of sexual assault will be deterred from seeking relief through civil suits if they are not permitted to proceed under a pseudonym" and "[t]hat would be an unfortunate result . . . however, plaintiff and others like her must seek vindication of their rights publicly. *Id* at 362; *see also Doe v. Hartz*, 52 F. Supp. 2d 1027, 1048 (N.D. Iowa 1999) (noting, in the context of a sexual assault case, that the "court considers it appropriate here to weigh

---

[6] Plaintiff also relies on the Southern District of West Virginia case of *W.M. v. Braskem America, Inc.*, 2020 WL 1492544 (S.D. W. Va. Mar. 26, 2020). In *W.M.*, the plaintiff sought to proceed using his initials to keep private the results of a drug test that he alleged was improperly disclosed. *Id.* at 2. Importantly, the court noted that "Defendant has not even opposed Plaintiff's motion." *Id.* at 2. In the present matter, Defendant is opposing Plaintiff's use of a pseudonym.

15

the speculative nature of the potential harm to Doe from revealing her identity against the very real embarrassment her accusations have already caused the defendants").

### III. CONCLUSION.

For the reasons set forth herein, Defendant Cenk Sidar requests that the Court grant his Renewed Motion to Remove Pseudonym Designation, enter an order requiring that references to Plaintiff Jane Doe in all filings and proceedings in this cause shall be her true name, that her identity is not to be redacted in all filings, and grant such other and further relief in favor of Defendant as this Court deems just and proper.

CENK SIDAR<br>
By Counsel

/s/ Mariam W. Tadros
Mariam W. Tadros (VSB #75502)
REES BROOME, PC
1900 Gallows Road, Suite 700
Tysons Corner, VA 22182
(703) 790-1911
Fax No. (703) 848-2530
Email: mtadros@reesbroome.com
Counsel for *Plaintiff*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on January 12, 2023, a copy of the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO REMOVE PSEUDONYM DESIGNATION** was served electronically through CM/ECF to:

  Thomas F. Urban II, Esq.
  FLETCHER, HEALD & HILDRETH, PLC
  1300 North 17th Street, Suite 1100
  Arlington, VA 22209
  Fax: (703) 340-1450
  urban@fhhlaw.com

  Walter Steimel, Jr., Esq.
  STEIMEL CONNER LAW GROUP PLLC
  144 Pennsylvania Ave., N.W., Suite 400
  Washington, DC 20004
  wes@sclgrp.com

           /s/ Mariam W. Tadros
           Mariam W. Tadros