IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| JANE DOE ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:22-cv-00545 |
| ) | |
| CENK SIDAR, ) | |
| ) | |
| Defendant. ) | |

ORDER

THIS MATTER comes before the Court on Defendant's Renewed Motion to Remove Pseudonym Designation included in Plaintiff Jane Doe's Complaint.

There is a general presumption of openness of judicial proceedings. See Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981). However, it is in the trial court's discretion to inquire into the circumstances of a case to determine whether a party should be allowed the rare use of anonymity throughout a judicial proceeding. See id.

Courts consider the following five factors in determining a party's request for anonymity. See James v. Jacobson, 6 F.3d 233 (4th Cir. 1993).

1

The first James factor is whether the use of a pseudonym is to preserve privacy in a highly personal and sensitive case. Mere annoyance and criticism that may come from a party's identity being known, is not sufficient to proceed under a pseudonym. The Plaintiff in this case has chosen to bring this civil suit in the United States and seek damages. Further, there are no allegations of wrongful conduct against Plaintiff or any illegal activity of hers that is at risk of becoming public. While the Court understands the underlying facts of this case are sensitive, Plaintiff has not demonstrated the level of need for anonymity sufficient to allow nondisclosure.

The second James factor is whether proceeding without a pseudonym could cause the risk of retaliatory physical or mental harm to the party. Plaintiff works in the government and defense sectors worldwide, including the Middle East. Plaintiff states that women in the Middle East who are known to be victims of rape are harassed and put at risk of personal harm. The speculation on what could happen if those working in the defense sector in the Middle East discovered the facts in this case, lacks sufficient support to have this factor weigh in favor of anonymity. Further, Plaintiff lives in the United States and this suit deals with events that happened in the United Kingdom. Plaintiff fails to point to a particularized potential harm that could come to her if this case proceeds without a pseudonym.

2

The third James factor requires the court to look at the age of the person requesting their privacy be protected by a pseudonym. When the requesting person is a minor, courts provide special protection for the privacy rights of children. Plaintiff in this case was thirty-six at the time of the underlying events. Also, the Court is not presented with any evidence of minors at risk of incident harm if Plaintiff's legal name is disclosed.

The fourth James factor considered is whether the action is against a governmental or private party. This suit is between two private parties. The concerns present when a private party sues a governmental entity are not present.

The fifth James factor is the risk of unfairness to the opposing party from allowing the case to continue using a pseudonym. Plaintiff brought this public civil suit, making allegations against Defendant in the Complaint while remaining anonymous. Defendant, who is the party that has now been found liable through a default judgement entered by this Court, continues in the suit using his legal name. Fairness requires Plaintiff to also proceed in her suit under her legal name.

Following the Court's consideration of the five factors, there is no showing of a need to proceed under a pseudonym further.

It is hereby ORDERED that Defendant's Renewed Motion to Remove Pseudonym Designation is GRANTED.

*Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
February _16_, 2023

4